Exhibit A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEORGE and IRIS NARVAEZ,
*on behalf of themselves and all others
similarly situated,*

      Plaintiffs,

    v.

LAW OFFICES OF ANTONIO
DUARTE, III, P.A., *a Florida
Profit corporation,* ANTONIO
DUARTE, III, *an individual,*

      Defendants.

_____/

CASE NO.: 8:14-cv-01646-VCM-MAP

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **Parties.**  Plaintiffs, George Narvaez and Iris Narvaez, ("Plaintiffs"), individually as representatives of the class of persons defined below in Paragraph 8 ("Class"), and Defendants Antonio Duarte, III, P.A. and Antonio Duarte, III ("Defendants"), enter into this Settlement Agreement ("Agreement").

2. **Nature of Litigation.**  In this lawsuit, Plaintiff alleges that Defendants engaged in unlawful collection activities by sending certain letters (as are identified in the Complaint) that contained language in violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"). Plaintiffs further allege negligent misrepresentation against Defendants.

3. **Denial of Liability.**  Defendants deny violating the FDCPA, FCCPA and/or committing negligent misrepresentation and further deny any liability to Plaintiffs and the Class

for the claims alleged.  However, for purposes of expediency, Defendants desire to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by Plaintiffs or the Class against Defendants concerning the matters alleged.

4.  Plaintiffs, individually and on behalf of the Class, desires to settle their claims against Defendants, having taken into account through Plaintiffs' counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be uncertain, further protracted and expensive.

5.  Plaintiffs' counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the class to enter into this Agreement.

6.  In consideration of the foregoing and other valuable consideration, Plaintiffs, Plaintiffs' counsel, and Defendants agree to settle the claims of Plaintiffs and the Class, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.  **Effective Date.**  This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; finding that this Agreement is fair and made in good faith; and dismissing the claims of Plaintiffs and the Class members against Defendants without prejudice; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration

of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8. **Certification of Class.** For the purposes of settlement only, the parties stipulate to the certification of the Class,[1] which is defined as:

> All persons to whom Defendants sent a letter or letters in substantially the same form as either of the letters attached as Exhibit "A1-A2" to Plaintiffs' Complaint during the Qualifying Period.

Defendants state, based on their records, that approximately 633 people are in the Class. The parties agree and stipulate to the appointment of Plaintiffs as Class Representatives and Ian R. Leavengood and J. Andrew Meyer as Class Counsel. For purposes of this Agreement, the term "Qualifying Period" shall mean July 3, 2012, through the date this Agreement is executed.

9. **Relief to Plaintiffs and the Class.** Defendants shall provide the following relief to Plaintiff and the Class:

(a)   Defendants shall pay a total of $6,000.00 as a Class Settlement Fund to be distributed on a *pro rata* basis to each class member who does not timely opt out, object or exclude him or herself from the class settlement;

(b)   Defendants shall pay the named Plaintiffs a total of $2,000.00 in statutory damages;

(c)   Defendants shall pay each named Plaintiff $500.00 in recognition for their service as Class Representatives;

(d)   Plaintiffs shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendants shall pay Plaintiff's costs and attorney fees in the total amount of $29,000.00; and

---

1 Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family.

(e)     Defendants shall pay the costs of class administration directly to the claims administrator in advance of the services necessitating any such costs. Defense counsel will work with the claims administrator to ensure that the claims administrator is able to and does in fact discharge the claims administrator's obligations under this agreement.

(g)     Defendants shall refrain from sending future correspondence to consumer debtors in an attempt to collect a consumer debt in which Defendants claim, attempt or threaten to enforce a debt while knowing that the debt is not legitimate.

10.  **Opt Out Period.**  Class members shall have forty-five (45) days after mailing the notice of the proposed settlement to opt out of the proposed settlement. Any class member who does not wish to participate in the Settlement must provide a written notice to the Claims Administrator stating an intention to be "excluded" from this Settlement ("Request for Exclusion"). This Request for Exclusion must be a written letter sent via first class certified United States mail return receipt requested to the address of the Claims Administrator, as set forth in the Settlement Notice, and be postmarked prior to the expiration of the forty-five day exclusion period. The Request for Exclusion must be in writing and signed by the class member. So-called "mass" or "class" opt-outs shall not be allowed. Any class member who does not submit a Request for Exclusion from the Settlement has the right to object to the Settlement, but any class member who wishes to object must timely submit an objection as set forth in paragraph 11 below.  If a class member submits an objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Stipulation for Settlement if approved by the Court.  However, any objector who has not timely provided their Request for Exclusion from the Settlement will be bound by the terms of the Stipulation for Settlement upon Final Approval of the Settlement unless otherwise specifically provided by the Court in its Final Approval order. If the Settlement Administrator receives a valid, timely, and completed Request for Exclusion, the Settlement Administrator

shall provide a copy of such request to both Plaintiffs' Counsel and Defendants' Counsel.

11.   **Objections and Objection Period.**  Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Stipulation for Settlement should not be given Final Approval.  Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice, no later than thirty (30) days before the Final Approval Hearing.  Class Members may object either on their own or through an attorney hired at their own expense.  If a Class Member hires an attorney to represent him or her at the Final Approval Hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to this Stipulation for Settlement unless an objection signed by the Settlement Class Member is also filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice thirty (30) days before the Final Approval Hearing.  Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Narvaez v. Law Offices of Antonio Duarte, III, P.A.*, Case No.: 8:14-cv-01646-VCM-MAP, and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, the facts supporting the objection, and the legal grounds on which the objection is based. If an objecting Class Member chooses to appear at the Final Approval Hearing, no later than thirty (30) days before the Final Approval Hearing, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

12.   On the Effective Date, Defendants shall provide Plaintiffs' counsel with a check

in an amount that includes the amounts contemplated by Paragraphs 9(a), (b), and (c) above, totaling $38,000.00. Plaintiffs' counsel shall distribute $1,500.00 to each named Plaintiff and $6,000.00 to the Class Administrator for *pro rata* distribution as a settlement check to each class member who has not timely opted out, objected or excluded him or herself from the class settlement. Settlement checks shall be void forty-five (45) days from the date of issuance. Within fourteen (14) days after the Court's award of costs and attorney fees, or on the Effective Date, whichever is later, Defendants shall provide Plaintiffs' counsel with a check in the amount of costs and attorney fees in the amount of $29,000.00. This amount shall constitute the total amount of attorneys' fees and cost to which Plaintiffs' counsel is entitled to all services rendered and costs incurred from inception of this case through dismissal.

13. Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid by Plaintiffs' counsel to Gulf Coast Legal Services (St. Petersburg office) as a *Cy Pres* award for use towards providing legal services to the underprivileged.

14. **Release.** Upon the Effective Date, Plaintiffs and the Class members ("Releasors") release and discharge Defendants and their predecessors and successors in interest, all insurers, including but not limited to Medmarc Casualty Insurance Co., and present and former subsidiaries, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys or assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or ever had against the Released Parties under any legal theory, that were brought or that could have been brought prior to the filing of this lawsuit. This release is conditioned upon the final approval of this Agreement by

the Court and the parties meeting their respective obligations stated herein.

15. Defendants do not release their claims against any members of the Class for the payment of an alleged debt. The underlying alleged debts Defendants sought to collect from members of the Class are not affected by this Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Class members or prevent Class members from asserting any defenses they have to any debts that Defendants may now or in the future try to collect. Similarly, Class members will not be estopped or precluded from asserting the alleged illegality of the debt as a defense to any state court lawsuit or as a basis for vacating any default final judgment.

16. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17. Defendants shall pay the costs of notice and settlement administration, as described above in Paragraph 9(e). Defense counsel will coordinate with the Claims Administrator regarding class notice with billing for said services to be directed to Defendants' counsel of record in this lawsuit. Defendants agree to and shall pay Plaintiffs' counsel the amount of $29,000.00 for costs and reasonable attorney fees, as described above in Paragraph 9(d).

18. **Notice.**   Within thirty (30) days of entry of the Preliminary Approval Order, Defendants' counsel shall provide the Claims Administrator, First Class, Inc., with a list of the class members' names and addresses in electronic format.  Within forty-five (45) days after entry of the Preliminary Approval Order, the Claims Administrator shall cause First Class, Inc., or a similarly qualified and mutually agreeable third-party class administrator, to send actual notice to the last known addresses of the Class members according to Defendants' records, as updated by a National Change of Address search performed by the Claims Administrator. Plaintiffs' counsel may direct the Claims Administrator to distribute the notice via any form of U.S. Mail providing address forwarding.  Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is returned as undeliverable and a forwarding address is provided, the Claims Administrator shall cause to be forwarded any such returned notice to the address provided as soon as practicable.  Class members shall have forty-five (45) days from the date Notice of the Class Settlement is initially mailed to opt out or request exclusion.

19. **Preliminary Approval.**  As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order ("Joint Motion"), which:

(a)    Preliminarily approves this Agreement;

(b)    Certifies the Class defined in Paragraph 8 for settlement purposes;

(c)    Appoints Ian R. Leavengood and J. Andrew Meyer as Class counsel;

(d)    Schedules a hearing for final approval of this Agreement;

(e)    Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records as updated by a National Change of Address search performed by the class administrator; and

(f)    Finds that mailing of the Class notice and the other measures specified in Paragraph 17 is the only notice required and that such notice satisfies the

requirements of due process and *Fed. R. Civ. P. 23*.

20.  The parties will request that the Court approve the form of notice attached hereto as Exhibit 1 and will propose that the Court enter the form of preliminary approval order attached hereto as Exhibit 2.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

21.  **Final Approval.**  At least twenty days prior to the Final Approval hearing set by the Court in the preliminary approval order, Plaintiffs, Plaintiffs' counsel, and Defendants shall file a motion for final approval requesting that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, approving Plaintiff's counsel's fee and costs, finding that the stipulated class meets the requirements of *Rule 23*, the notice given to the Class satisfies the requirements of due process and *Rule 23*, dismissing the claims of Plaintiffs and the Class without prejudice and without costs (other than provided for in Paragraphs 9 and 16 above), directing the entry of a Final Order and retaining jurisdiction to enforce the provisions of this Agreement.

22.  The parties agree to submit a proposed Final Order to the Court if requested by the Court.  The fact that the Court may require non-substantive changes in the Final Order does not invalidate this Settlement Agreement.

23.  **Uncashed Checks.**  On or about fourteen (14) days after the void date of the class settlement checks, Plaintiff's counsel shall obtain from Class Administrator the total number of uncashed checks and resulting amount of monies undistributed.  The amounts from uncashed checks shall be distributed by Plaintiffs' counsel as described in Paragraph 13 above.

24.  **Miscellaneous Provisions.**  The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the

consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

25. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

26. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

27. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Class, and any of their successors, personal representatives and assigns, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

28. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on this _10_ day of _February_, 2015.

**For Plaintiffs and the Class**

Iris Narvaez

_____
George Narvaez

For Defendant Antonio Duarte, III, P.A.


_____
by: (Name), (Title)

For Defendant Antonio Duarte, III

_____

Iris Narvaez

_____

George narvaez

For Defendant Antonio Duarte, III, P.A.

_____

by: (Name), (Title)

For Defendant Antonio Duarte, III

_____

Exhibit 1

**LEGAL NOTICE BY ORDER OF THE COURT**
**NOTICE OF CLASS ACTION SETTLEMENT**

*This notice is authorized by the United States District Court for the Middle District of Florida.*
*This is <u>not</u> a solicitation from a lawyer.  This is <u>not</u> an attempt to collect a debt from you.*
*Before any money is paid, there will be a settlement approval hearing.*

If you received a form debt collection letter from the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III, dated on or after July 3, 2012, this notice describes your rights concerning settlement of a lawsuit.

The United States District Court for the Middle District of Florida, has certified for settlement as a class action a case known as *George Narvaez et al. v. The Law Offices of Antonio Duarte, III, et. al.*, 8:14-cv-01646-VCM-MAP.  The class (the "Settlement Class") is defined as:

> All persons to whom Defendants sent a letter or letters in substantially the same form as either of the letters attached as Exhibit "A1-A2" to Plaintiffs' Complaint ("Form Debt Collection Letter") during the Qualifying Period.
> .

"<u>Form Debt Collection Letter</u>" means a letter drafted by The Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III in substantially similar if not identical form as the letter attached to Plaintiffs' Complaint in the above referenced lawsuit as Exhibit A1-A2 and that the The Law Offices of Antonio Duarte, III, P..A sent to collect a debt during the Qualifying Period.

"<u>Qualifying Period</u>" begins on July 3, 2012 and runs through present.

In the lawsuit, Plaintiffs alleged that the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III, ("Defendants") violated the Florida Consumer Collection Practices Act and Fair Debt Collection Practices Act by drafting and sending the Form Debt Collection Letter to consumer debtors in Florida in its attempts to collect consumer debts.  More specifically, Plaintiffs alleged the Defendants, by using the Form Debt Collection Letter, engaged in conduct which can reasonably be expected to abuse or harass Plaintiffs and asserted a right the Defendants knew did not exist.  The Defendants deny that they were party to any improper or unlawful conduct, maintain that their conduct has been fair, reasonable and in accordance with all applicable state and federal laws and regulations, deny that they have violated any federal or state statute, principle of common law or equity, rule or regulation whatsoever.

A settlement of this lawsuit has been negotiated, which may entitle you to a payment, as described below.  Unless you take steps to exclude yourself from the case, you will waive your legal rights to bring a lawsuit against the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III, for any claims that you have about the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III's use of the Form Debt Collection Letter during the Qualifying Period.

**YOUR LEGAL RIGHTS AND OPTIONS**

| | |
|---|---|
| **DO NOTHING TO STAY IN THE CLASS** | You will be part of this Class.  You will receive a settlement payment.  Upon final approval of the settlement by the Court, you will release all claims you may have against the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III for conduct related to the claims in this case. |
| **EXCLUDE YOURSELF FORM THE CLASS** | Excluding yourself from the case allows you to sue the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III on your own, or to be included in another lawsuit against the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III, regarding the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III's use of the Form Debt Collection Letter during the Qualifying Period.  You will not receive any payment from this settlement. |
| **OBJECT TO THE SETTLEMENT** | If you are a Settlement Class Member, you may object to the Settlement if you do not like any part of it.  You can give reasons for your views, and the Court will consider them.  Unless you opt out, however, you will remain bound by any decisions of the Court and any final approval order |

**These rights and options and the deadlines to exercise them are explained more fully below.**

*** *Please read this Notice carefully.* ***

### WHAT IS THIS LAWSUIT ABOUT?

A settlement has been reached in a class action alleging that the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III, unlawfully used a Form Debt Collection Letter to collect past due debts from consumers in the State of Florida.  The name of the case is *George Narvaez et. al. v. Law Offices of Antonio Duarte, III, P.A.*, United States District Court for the Middle District of Florida, Case No.: 8:14-cv-01646. Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III deny that they were parties to any improper or unlawful conduct, maintain that their conduct has been fair, reasonable and in accordance with all applicable federal and state laws and regulations, deny that they have violated any federal or state statute, principle of common law or equity, rule or regulation whatsoever.

### WHY DID I GET A SUMMARY NOTICE?

Summary Notices are being provided to all individuals who, according to the books and records of the Law Offices of Antonio Duarte, III, P.A., are Florida residents and were sent a Form Debt Collection Letter during the Qualifying Period.  If this is true about you, then you are a member of the Settlement Class.

### WHAT BENEFITS CAN I RECEIVE AS A RESULT OF THIS SETTLEMENT?

As a part of the Settlement, the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III have agreed to establish a fund of $6,000.00 to pay claims to Settlement Class Members.  All Settlement Class Members who do not validly opt out of this Class, in accordance with the procedure described below, will receive a pro rata share of this fund by check as compensation for having received the Form Debt Collection Letter during the Qualifying Period. In addition, the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III have agreed to stop using any Form Debt Collection letters like those involved in the lawsuit and have agreed to pay the costs of administering the settlement as well as attorneys' fees and litigation costs to Class Counsel in an amount not to exceed $29,000.00.

### WHO REPRESENTS ME?

George Narvaez and Iris Narvaez are Florida consumers who filed this lawsuit against the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III.  The Court appointed them to represent all Settlement Class Members, including you, in this case.  George and Iris Narvaez will be applying for a service fee of $500.00 each as compensation for their time.

The Court has appointed J. Andrew Meyer, Esq. and Ian R. Leavengood of Leavengood, Dauval, Boyle & Meyer, P.A. to represent you and the other Settlement Class Members as Class Counsel.  You will not be charged separately for these lawyers.  As explained in the next section, the lawyers will seek payment of their fees and costs separate and apart from settlement credit and/or monies that have been approved for the benefit of the Settlement Class Members.  If you choose to be represented by your own lawyer, you may hire one at your own expense.

### DO I HAVE TO PAY THE LAWYERS REPRESENTING ME?

No.  As part of the settlement of this lawsuit, Class Counsel will file a motion with the Court on or before _____ seeking attorneys' fees and costs in an amount not to exceed $29,000.00 subject to the Court's approval, to be paid by the Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III separate and apart from the funds being made available pursuant to the Stipulation for Settlement.  You may obtain a copy of this motion for attorneys' fees and costs once it has been filed by contacting Class Counsel or by contacting the Settlement Administrator at (   ) -.

### WHAT AM I AGREEING TO IF I DO NOT OPT OUT OF THE SETTLEMENT CLASS?

Unless you exclude yourself, you will be part of the Settlement Class.  The Court orders approving the Settlement and the judgment in the case will apply to you and legally bind you.

Upon Final Settlement Approval, you unconditionally, fully and finally release and forever discharge each of the Released Parties from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which you now have or ever had against the Released Parties under any legal theory, that were brought or that could have been brought prior to the filing of the lawsuit.

If you want the right to sue Defendants on your own regarding their sending the Form Debt Collection Letter to you, you must exclude yourself from the Settlement Class in this case.  If you exclude yourself, you will not be eligible to recover any benefits as a result of the settlement of the action.

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

To exclude yourself from the Settlement Class in this case, you must send a letter via first class certified United States mail, return receipt requested, saying that you want to be excluded from the Settlement Class.  To be valid, your exclusion request must include:

- Your full name, current mailing address, and telephone number (if any);

- A statement requesting exclusion from the Settlement Class;

- Your signature; and

- The name and number of this case:  *George Narvaez, et. al. v. Law Offices of Antonio Duarte, III, P.A. et. al*. Case No.: 8:14-cv-01646-VCM-MAP

You must mail your exclusion request to the following address so that it is postmarked no later than _____:

First Class, Inc.
5410 West Roosevelt Road, Suite 222
Chicago, Illinois 60644-1479

Requests for exclusion from the Settlement Class that are not postmarked on or before _____ will not be honored.  You cannot exclude yourself from the Settlement Class by telephone or email.  You cannot exclude yourself by mailing a request to any other address or location, or after the deadline.  You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class members sign the letter.  You and each and every joint account holder, if applicable, must personally sign the letter to be excluded from the class.  If each and every joint account holder, if applicable, has not signed the Exclusion Request, then you must provide a sufficient explanation to the Court as to why each and every joint account holder cannot sign the request.  The Court will review your explanation and determine whether to honor your request even though not every joint account holder has signed it.  Unless the Court grants your request in that situation, you will not be excluded from the Class.

## HOW CAN I OBJECT TO THE SETTLEMENT WITHOUT EXCLUDING MYSELF FROM THE CLASS?

If you are a Settlement Class Member, you may object to the Settlement if you do not like any part of it.  You can give reasons for your views, and the Court will consider your views.  To object, you must send a signed written notice of your objection, along with (a) documents sufficient to show you are a member of the Settlement Class, (b) a detailed statement of your reasons for objecting, and (c) the grounds for such objections and any supporting documents.  You must file the objection with the Clerk of the Court and serve it by hand, overnight mail, or certified mail, return receipt requested, to the Settlement Administrator, Settlement Class Counsel and Counsel for Law Offices of Antonio Duarte, III, P.A., et. al., whose addresses are listed below.  The notice must be filed with the Court and the mailed copies sent no later than _____.

Clerk of the United States District Court
for the Middle District of Florida
Sam M. Gibbons U.S. Courthouse
800 North Florida Avenue
Tampa, FL 33602

First Class, Inc.
5410 West Roosevelt Road, Suite 222
Chicago, Illinois 60644-1479

Settlement Class Counsel
Leavengood, Dauval, Boyle & Meyer, P.A.
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703

Counsel for Law Offices of Antonio Duarte, III, P.A, et. al.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, FL 33609

### WHAT HAPPENS IF I DO NOTHING?

You will remain a member of the Settlement Class.  Any claim you may have against Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III about Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III's use of the Form Debt Collection Letter during the Qualifying Period, will both be compensated and fully released, in accordance with the terms of this legal notice and the Settlement Agreement.  You will be bound by any final order entered by the Court.

### FINAL APPROVAL HEARING

The Court will hold a hearing to determine whether to grant final approval of the Settlement and will also consider at that time Class Counsel's request for attorneys' fees and litigation costs as well as a service award to the Class Representatives. The Court will consider any objections raised by Class Members and any requests for exclusion.  You may appear at this hearing, but you are not obligated to do so.  The final hearing will be held in _____, on _____ at    p.m.

### PLEASE DO NOT CONTACT THE COURT OR LAW OFFICES OF ANTONIO DUARTE, III, P.A. AND ANTONIO DUARTE, III ABOUT THIS PROPOSED SETTLEMENT

### FOR MORE INFORMATION…

This notice is a summary of the current status of the case and the case settlement negotiated by counsel for parties to this action.  Do not call or write the Court or the Court Clerk's office for more information.  You may contact the Class Counsel listed above for additional information, or you may contact the Settlement Administrator at (   )   -.

***********************

**You can request the complete Settlement Agreement, review Class Counsels' request for attorneys' fees and litigation costs, and obtain more information about your rights under the Settlement by contacting Class Counsel listed above.**

Exhibit 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEORGE and IRIS NARVAEZ,
*on behalf of themselves and all others*
*similarly situated,*

                                                         CASE NO.: 8:14-cv-01646-VCM-MAP

      Plaintiffs,

v.

LAW OFFICES OF ANTONIO
DUARTE, III, P.A., *a Florida*
*Profit corporation,* ANTONIO
DUARTE, III, *an individual*,

      Defendants.

_____/

## *PROPOSED* ORDER GRANTING JOINT MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pending before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. No. \_\_\_\_). Pursuant to Federal Rule of Civil Procedure 23(e), the Parties have submitted a proposed Settlement Agreement to the Court for preliminary approval. The Parties seek: (1) conditional certification of the proposed Class; (2) preliminary approval of the terms of the proposed Class Settlement Agreement; (3) approval of the proposed Notice to the class and the plan for dissemination of Notice to the class; (4) the appointment of Plaintiffs' counsel as counsel for the class; and (5) the setting of dates for opt-outs and a fairness hearing. After consideration of the Parties Joint Motion and supporting documentation, the Court finds that: (1) at least for purposes of preliminary approval, the proposed settlement of the claims of the class against Defendants appears to be fair, adequate, and reasonable, and therefore, within the range of approval; (2) The proposed plan to give notice to the class, described in the Settlement Agreement, is an appropriate method of providing notice to the class of the terms of the Settlement Agreement

and their right to object; and, (3) The proposed form of the notice attached as Exhibit "1" to the Settlement Agreement meets the requirements of due process and Federal Rule of Civil Procedure 23 and will give all class members sufficient information to enable them to make an informed decision as to whether to remain a class member, object to the proposed Settlement Agreement and its terms, or opt out of the class settlement.

Accordingly, the Parties Joint Motion for Preliminary Approval of Class Action Settlement (Doc. No. ___) is **GRANTED**, and it is **ORDERED** that:

1.      Pursuant to Federal Rule of Civil Procedure 23(e), the Class has been certified on the date of this Order and is defined as: All persons to whom Defendants sent a letter or letters in substantially the same form as either of the letters attached as Exhibits "A1-A2" to Plaintiffs' Complaint from July 3, 2012, through the date of the Parties' settlement agreement.

2.      Pursuant to Rule 23, a Fairness Hearing will be held before the Honorable Virginia A. Covington on _____ in Courtroom 14 B, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. The Fairness Hearing will aid the Court in determining whether the proposed settlement is fair, reasonable, and adequate and should therefore be finally approved.

3.      Plaintiffs' Counsel, J. Andrew Meyer and Ian Richard Leavengood**,** from the law firm of Leavengood, Dauval, Boyle & Meyer, P.A, 3900 First Street North, Suite 100, St. Petersburg, Florida 33703, are appointed as class counsel.

4.      The class notice, in the form attached as Exhibit "1" to the Settlement Agreement, shall be given by the designated Settlement Administrator to the class as provided in the Parties' Settlement Agreement. No more than five (5) days before the Fairness Hearing, the settlement administrator, First Class, Inc., shall serve upon class counsel, an affidavit or declaration stating that the mailings were completed in accordance with the terms of the Settlement Agreement. Class

members shall have sixty (60) days from the date the notice is initially mailed to opt out or request exclusion.

5.      No member of the class, or any other person, shall be heard at the Fairness Hearing in opposition to the proposed class settlement, class counsels' proposed attorneys' fees and expenses, or the proposed class representatives' award, unless not later than twenty (20) days before the date of the Fairness Hearing, such class members or other person files with the Clerk of Court and serves upon all counsel listed below as well as the Class Administrator an objection containing, at a minimum, the following information: (a) the full name, address and telephone number of the person filing the objection; (b) the name of this case and the case number; (c) a written statement explaining reasons for the objection; (d) copies of any papers, briefs, or other documents the person wishes to bring to the Court's attention; (e) any evidence the person wishes to introduce in support of the objection; and (f) a statement of whether the person or the person's lawyer will ask to appear at the final approval hearing to discuss your objections. Objections shall not exceed fifteen (15) pages without prior leave of Court. Class counsel and Defendants' counsel may respond to the objections by filing memorandums of law not to exceed fifteen (15) pages in length. These responsive memorandums shall be filed with the Court no later than five (5) business days prior to the Fairness Hearing.

6.      Class members, or any other person objecting to the proposed Settlement Agreement, shall file and serve any such objections and notices with the Clerk of Court and serve their notice of objection to Counsel for Plaintiffs, Counsel for Defendants, and to the Clerk of Court at the following address:

> Clerk of the United State District Court for the Middle District of Florida
> Sam M. Gibbons U.S. Courthouse
> 801 North Florida Avenue
> Tampa, Florida 33602

7.      Class members, or any other persons, who fail to properly or timely file their notices and objection with the Court, or fail to timely serve such notices or objections on class counsel and counsel for the Defendant shall not be heard during the Fairness Hearing and the Court will not consider their objection. Any notice required by this paragraph shall be served by United States Mail, hand delivery, or facsimile transmission. Any class members who does not make his or her objection in the manner provided shall be deemed to have waived such objection. Any objection that does not comply with these requirements, is not timely filed with the Court, or is not timely served on listed counsel will not be heard by the Court.

8.      Class members who wish to exclude themselves from the class, or 'opt out,' shall send a letter that must include that person's full name, address, and telephone number, along with a statement that the person wishes to be excluded from the class, and must be signed by the class members personally. The letter must be sent not later than sixty (60) days after the date the notice is sent. The letter shall be sent to the class action settlement administrator at the address provided in the notice. Any class member who submits a valid and timely written opt out notice will be excluded from the proposed settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person may have against Defendant.

9.      This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendants; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever,

the settlement and all proceedings had in connection with the proposed settlement shall be without

prejudice and to the *status quo ante* rights of the parties.

10.     All discovery and other proceedings in this action are stayed until further Order of

the Court except as may be necessary to implement the settlement or comply with the terms of the

Settlement Agreement.

11.     The Court may, for good cause, extend any of the deadlines set forth in this Order

without further notice to the class.

**DONE** and **ORDERED** in Tampa, Florida on _____.


_____
Virginia M. Hernandez Covington
United States District Judge

Copies furnished to:
J. Andrew Meyer, Esq.
Ian R. Leavengood, Esq.
**LEAVENGOOD, DAUVAL, BOYLE & MEYER, P.A.**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ameyer@leavenlaw.com
ileavengood@leavenlaw.com

*Attorneys for Plaintiffs and the Settlement Class*

Jeff Albinson, Esq.
Benjamin W. Raslavich, Esq.
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, FL 33609
Phone:  (813) 251-5500
Fax:  (813) 251-3675
jalbinson@gsgfirm.com
braslavich@gsgfirm.com
*Attorneys for Defendants*