UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE and IRIS NARVAEZ, on
behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                                        Case No. 8:14-cv-1646-T-33MAP

LAW OFFICES OF ANTONIO DUARTE,
III, P.A., a Florida profit
corporation, and ANTONIO DUARTE,
III, an individual,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 39), filed on March 20, 2015. For the reasons stated below, the Court grants the Motion.

## I.   Background

On July 3, 2014, Plaintiffs George and Iris Narvaez filed their class action Complaint alleging that Defendants – Law Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III - violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559,

Florida Statutes. (See Doc. # 1). Plaintiffs explain that Defendants used two form debt collection letters to collect consumer debts on behalf of condominium and homeowners' associations. (Id.).

Plaintiffs allege that these debt collection letters:

a) deceptively, falsely, and unlawfully assert a right that does not exist by demanding Plaintiffs and Class Members pay costs that have not been incurred by Defendants at the time [the collection letter] is sent, and which are not yet due and owing by the consumer pursuant to contract or statute;

b) deceptively, falsely, and unlawfully assert a right that does not exist by requiring Plaintiffs and Class Members dispute their debts in writing;

c) misrepresents the amount of debt owed;

d) demands payment of an unauthorized amount; and

e) can reasonably be expected to be abusive, harassing and threatening to Plaintiffs and Class Members[.]

(See Id. at 18-19).

Plaintiffs propose that this case should proceed as a class action, pursuant to Fed. R. Civ. P. 23, with the class defined as:

All persons to whom Defendants sent a letter or letters in substantially the same form as either of

2

> the letters attached as Exhibit "A1-A2" to
> Plaintiffs' Complaint during the Qualifying Period.

(Doc. # 39-1). According to the parties, the "Qualifying Period" is July 3, 2012, through the date that the Settlement Agreement is executed. (Id.).

The parties mediated this action on November 20, 2014. (See Doc. # 28). At mediation, the parties "reached an agreement to settle this case on a class-wide basis, subject to court approval." (See Id.). By way of the present Motion, the parties request "an Order from this Honorable Court: 1) certifying the proposed Class for settlement purposes; 2) preliminarily approving the proposed Settlement Agreement; 3) directing notice to the Class; and 4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2)." (Doc. # 39). The Court will address each request in turn.

## II.  Discussion

### a. Certification of Proposed Class

As explained in Valley Drug Company v. Geneva Pharmaceuticals, Inc., 350 F.3d 1181, 1187-88 (11th Cir. 2003), "Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate." Under Rule 23(a), a class may be certified only

if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Id. "Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification." Id. at 1188.

As discussed below, the Court finds that each of the Rule 23(a) requirements is met and further determines that the strictures of Rule 23(b)(3) have been satisfied.

## i. **Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." While Rule 23 does not specify an exact number necessary to satisfy numerosity, the Eleventh Circuit has indicated that having more than 40 class plaintiffs is generally enough to satisfy the rule. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986).

In their Motion, the parties submit that "Defendants have identified approximately 633 people who are in the putative class defined as '[a]ll person[s] to whom a letter

4

in substantially the same form as either of the letters attached as Exhibit 'A1-A-2' to Plaintiffs' Complaint was sent during the two-year period preceding the filing of Plaintiffs' Complaint through the date of this settlement.'" (Doc. # 39 at 3). As approximately 633 class members have been identified, this Court finds that the numerosity requirement is satisfied.

### ii. Commonality

Rule 23(a)(2) requires that there are "questions of law or fact common to the class." Traditionally, commonality refers to the group characteristics of the class as a whole. Prado-Steiman v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000). However, this prerequisite does not mandate that all questions of law or fact be common; rather, a single common question of law or fact is sufficient to satisfy the commonality requirement, as long as it affects all class members alike. "For purposes of Rule 23(a)(2), even a single common question will do." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2556 (2001). "The threshold for commonality is not high." Cheney v. Cyberguard, 213 F.R.D. 484, 490 (S.D. Fla. 2003). As stated in Strube v. American Equity Investors Life Insurance Company, 226 F.R.D. 688, 695 (M.D. Fla. 2005), "Commonality may be established where there are allegations

5

of common conduct or standardized conduct by the defendant directed towards members of the proposed class." See also In re Terazosin Hydrochloride Antitrust Litig., 220 F.R.D. 672, 685 (S.D. Fla. 2004)("Where the complaint alleges that the Defendants have engaged in a standardized course of conduct that affects all class members, the commonality requirement will generally be met.").

According to the parties, the commonality element is satisfied "as the letters at issue are form letters and, as such, the claims of the Plaintiffs and the putative class members originate from the same conduct, and practices and procedures employed by Defendants." (Doc. # 39 at 4). As each of the putative class members' claims hinges upon whether this Court determines that Defendants' debt collection letters violate the FDCPA and FCCPA, this Court finds that the commonality requirement is satisfied.

### iii. **Typicality**

The focus of Rule 23(a)(3) typicality is whether the class representative's interests are aligned with the proposed class so as to stand in their shoes for the purposes of the litigation and bind them in a judgment on the merits. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982); Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir.

2008)("typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large."). "The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary." Rosario-Guerrero v. Orange Blossom Harvesting, Inc., 265 F.R.D. 619, 627 (M.D. Fla. 2010).

The requirement of typicality is met here because Plaintiffs' claims are typical of those of the other putative class members. Namely, as indicated by the parties, "the claims of both the Plaintiffs and the putative class members originate from the same conduct and practices and procedures employed by Defendants." (Doc. # 39 at 5). Therefore, "Plaintiffs possess the same interest, assert identical claims and seek identical relief as that of the class members." (Id.). From the Court's review, Plaintiffs' claims and those advanced on behalf of the class are completely aligned. Such claims arise from the same alleged pattern or practice of Defendants and are based on the same legal theory. As a result, the Court finds that the typicality requirement is satisfied.

### iv. **Adequacy of Representation**

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." To assess adequacy of representation, the Court must determine "whether plaintiff[] ha[s] interests antagonistic to those of the rest of the class" and "whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation" Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985). The parties agree, and this Court accepts, that Plaintiffs and their counsel satisfy the adequacy requirement of Fed. R. Civ. P. 23(a)(4).

### v. Rule 23(b)(3)

Having determined that each of the Rule 23(a) factors have been satisfied, the Court now evaluates Plaintiffs' assertion that the requirements of Rule 23(b)(3) are satisfied. Rule 23(b)(3) includes two requirements: (1) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members (predominance) and (2) that a class action is superior to other available methods for fair and efficient adjudication of the controversy (superiority). Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009).

### 1. Predominance

Under Rule 23(b)(3), "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action.  Common issues of fact predominate if they have direct impact on every class member's effort to establish liability and on every class member's entitlement to relief." Id. at 1255 (internal citations omitted).  As stated in Kerr v. City of West Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989), "[T]he issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." (internal citations omitted).

Here, the parties allege that "the issues of whether the Defendants are debt collectors engaged in collection activity constituting an act or omission prohibited by the FDCPA are issues common to Plaintiffs as well as the members of the proposed class." (Doc. # 39 at 9). Furthermore, the parties submit that "the claims of Plaintiffs and the class members derive from the same legal theories, involve the same

collection letters and warrant the same statutory damages as a remedy." (Id.). The Court agrees. The common factual and legal issues that must be resolved predominate over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied.

## 2. **Superiority**

The superiority requirement of Rule 23(b)(3) focuses "not on the convenience or burden of a class action suit *per se*, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." Klay, 382 F.3d at 1269. "It is only when [management] difficulties make a class action less fair and efficient than some other method, such as individual interventions or consolidation of individual lawsuits, that a class action is improper." Carnegie v. Mut. Sav. Life Ins. Co., No. 99-cv-3292, 2002 U.S. Dist. LEXIS 21396, at *76-77 (N.D. Ala. Nov. 1, 2002).

The Court has examined the factors enumerated in Rule 23(b)(3)(A)-(D), such as "the class members' interest in individually controlling the prosecution . . . of separate actions," "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and manageability issues. After so doing, the Court

determines that class wide resolution of the dispute is superior to other methods of adjudication. This is especially so because the Court has already determined that Plaintiffs satisfied the predominance prong of Rule 23(b)(3): "the predominance analysis . . . has a tremendous impact on the superiority analysis . . . for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." Klay, 382 F.3d at 1269.

For the reasons set forth above, the Court certifies the proposed Class for settlement purposes.

III. **Preliminary Approval of Proposed Settlement Agreement; Notice to Class; and Setting Dates for Opt-Outs, Objections & Hearing Under Fed. R. Civ. P. 23(c)(2)**

Pursuant to Fed. R. Civ. P. 23(e):

> (e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised **only with the court's approval**. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e)(emphasis added).

The first step in determining whether to grant preliminary approval to a class settlement is for "the Court [to] make[] a preliminary fairness evaluation of the proposed settlement." Cope v. Duggins, 2001 WL 333102, *1 (E.D. La. April 4, 2001). The Court must "evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." Id. In so doing, the Court "will examine the submitted materials and determine whether the proposed settlement appears fair on its face."

12

Id; see also In re Corrugated Container Antitrust Litig., 643 F.2d 195, 212 (5th Cir. 1981).

After thoroughly reviewing the Motion and all of the attachments, as well as the record as a whole, the Court finds it appropriate to grant the parties' Motion as follows:

1.  The Court preliminarily finds that the Settlement Agreement (Doc. # 39-1) is fair, reasonable and adequate and grants preliminary approval of it.

2.  A final fairness hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Undersigned on **July 30, 2015**, at 9:00 a.m. in Courtroom 14B at the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa Florida 33602.

3.  The Court approves the proposed form of Class Notice. (See Doc. # 39-1 at 15-18).

4.  By **April 24, 2015**, Defendants' Counsel shall provide the Claims Administrator, First Class, Inc., with a list of the Class Members' names and addresses in electronic format.

5.  By **May 11, 2015**, the Claims Administrator, or a similarly qualified and mutually agreeable third-party class administrator, shall send actual notice to the last known addresses of the Class Members according to Defendants' records, as updated by a National Change of Address search performed by the Claims Administrator.

6.  Class Members shall have until **June 25, 2015**, to opt out or exclude themselves from the Settlement.

7.  Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Stipulation for Settlement should not be given Final Approval. Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice, no later than **June 30, 2015**. Objections **shall not exceed fifteen pages**, without prior leave of Court.

8.  Objectors who have filed written objections to the settlement may also appear at the hearing to be heard on the fairness of the settlement so long as such objector files a notice of intention to appear at the fairness hearing by **June 30, 2015**.

9.  Class Counsel and Defendants' Counsel may file a response to the objections (if any are filed) by **July 15, 2015**. Such responses **shall not exceed 15 pages in length**, without prior leave of Court.

10. Claims Administrator shall serve upon Class Counsel, an affidavit or declaration stating that the mailings were completed in accordance with the terms of the Settlement Agreement by **July 24, 2015**.

11. By **July 10, 2015**, the parties shall file a Joint Motion for Final Approval requesting that the Court enter a final Order approving the terms of the Settlement Agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 39) is **GRANTED** as set forth herein.

14

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record