**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGE and IRIS NARVAEZ,
*on behalf of themselves and all others*
*similarly situated,*

                                    CASE NO.: 8:14-cv-01646-VCM-MAP

        Plaintiffs,

v.

LAW OFFICES OF ANTONIO
DUARTE, III, P.A., *a Florida*
*Profit corporation,* ANTONIO
DUARTE, III, *an individual*,

        Defendants.

_____/

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND**
**EXPENSES, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, George and Iris Narvaez, by and through the undersigned attorneys and pursuant

to the Parties' Class Settlement Agreement and the Court's order granting preliminary approval of

this Class Settlement Agreement, file this Motion for Award of Attorneys' Fees, Costs and

Expenses and Incorporated Memorandum of Law and request the Court enter an order approving

an award of attorneys' fees, costs and expenses reasonably incurred in prosecuting and settling this

matter totaling $29,000.00.  In support of this motion for fees, costs and expenses, Plaintiffs submit

the following:

**MEMORANDUM OF LAW**

I.       **INTRODUCTION**

Plaintiffs initiated this action against Defendants on July 3, 2014 by filing their Class

Action Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

*et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.*

("FCCPA"). *See,* DE 1, generally. Specifically, Plaintiffs allege that Defendants' use of form debt collection letters violates the FDCPA and FCCPA. *Id.* Plaintiffs also filed a motion for class certification with their complaint.  DE 4.

After Defendants answered the Complaint, the Parties began to discuss the possibility of settlement.  Plaintiffs' counsel requested information from Defendants that they believed was necessary to negotiate the terms of a potential class-wide resolution of the case.  Defendants' counsel ultimately provided this information. On November 20, 2014, the Parties engaged in mediation.  At mediation, the Parties reached an agreement to settle this case on a class-wide basis, subject to court approval. *See,* DE 28. Thereafter, the Parties executed a formal Class Action Settlement Agreement ("the Settlement Agreement") which memorializes the terms of the settlement. *See,* Settlement Agreement, D.E. 39 at Exhibit A**.**

On March 20, 2015, the Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law.  *See,* D.E. 39.  The Court granted preliminary approval of the Class Settlement Agreement on March 25, 2015.  D.E. 41.  In addition to preliminarily approving the settlement for purposes of notification to Settlement Class Members, the Order set forth the timeline and format for such notification and scheduled the Fairness Hearing at which final approval would be considered for July 30, 2015.

## II.    **JOHNSON FACTORS**

In determining whether any particular award of attorneys' fees is reasonable, the Eleventh Circuit applies the factors set forth by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The "*Johnson* factors" are as follows: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the

customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  As discussed below, an examination of these factors supports an award of attorneys' fees, costs and expenses of $29,000.00 as requested by Plaintiffs.

### A.  The Time and Labor Required

As discussed above, this case commenced in July 2014, and Plaintiffs and their counsel have remained committed to this cause for over a year of litigation and negotiation.  Through their efforts, they have successfully resolved Plaintiffs' claims on a class basis, despite significant litigation risk and uncertainty regarding the underlying merits of the case.

As reflected in the attached declaration of J. Andrew Meyer, there has been over 95 hours of professional time dedicated to the present litigation by Plaintiffs' counsel since its inception. See attached Composite Exhibit A, Declaration of J. Andrew Meyer.  Significant time and labor was expended at the outset of the case as Plaintiffs' counsel attempted to avoid Defendant attempting to moot Plaintiffs' class claims, as it was an open question in the Eleventh Circuit at the time the complaint was filed as to whether a Federal Rule of Civil Procedure 68 offer of judgment could destroy a plaintiff's standing to maintain a class action.  Plaintiffs' counsel was required to file an early motion for class certification in order to avoid this potential outcome.

Even after the Parties determined that they wished to focus their efforts on attempting to resolve the case, significant time was required to negotiate and agree on all of the elements of a class wide resolution.  These negotiations included a mediation as well as telephone calls and conferences and the exchange of drafts of various settlement related documents.

The end product, a settlement which establishes a fund for the benefit of Plaintiffs and Class Members and which ends the allegedly illegal business practices of the Defendant, is an excellent result for the class.  The time and labor required to get to this result more than supports the attorneys' fee award being requested.

### B.  The Novelty and Difficulty of the Questions

"Class actions are inherently complex to prosecute because the legal and factual issues are complicated and uncertain in outcome." *Francisco*, 2008 WL 649124, at *15.  In prosecuting this case, Plaintiffs faced a number of complex legal and factual questions, and indeed faced a genuine risk of non-recovery due to a number of potentially meritorious defenses Defendant did or could have raised.  Despite this risk, Plaintiffs and Counsel continued to pursue recovery in this case, which ultimately resulted in an excellent recovery, without the burden of proof necessary to establish damages in a litigated context.

### C.  The Skill Requisite to Perform the Legal Services Properly

To litigate a consumer class action such as this "requires counsel highly trained in class action matters and in the specialized issues the case presents."  *Francisco*, 2008 WL 649124, at *15.  The attorneys of Leavengood, Dauval, Boyle & Meyer, P.A. are experienced in prosecuting consumer class action cases nationwide.  Because of their experience, professionalism and knowledge, they were able to successfully negotiate this Settlement and bring substantial benefits to the Class.

Here, the filings by class counsel show that they possessed the requisite skill needed to litigate this case properly.  The briefing is well-written, organized, and thoroughly researched. Additionally, this work matched the experience the lead attorneys had in this case.  Class Counsel

and their law firm have extensive experience serving in class action cases, and that experience and skill was required to achieve the results that are contained in the settlement agreement.

### D.  The Preclusion of Other Employment due to Acceptance of the Case

As discussed above, Plaintiffs' Counsel collectively have spent over 95 hours of attorney time in prosecuting the present action.   This was a contingency-fee case.   Unlike hourly cases, contingency cases restrict a firm's revenue stream and consume resources.  By accepting this case, Class Counsel were somewhat precluded from accepting other work, both because of the financial pressures of a contingency case, and by the mere fact that they would not have the time to perform other work.

### E.  The Customary Fee

The fee being requested is commensurate with a fee that Class Counsel would expect had they accepted this case on a traditional hourly fee basis by a paying client.  The rates that Class Counsel charged in this case are the rates they customarily charge when handling other cases of a similar nature.

### F.  Whether the Fee is Fixed or Contingent

This matter was accepted on a contingent fee basis.   Class Counsel undertook this representation at financial risk to themselves with no guarantee of any compensation and a risk that they would receive nothing for their efforts if unsuccessful.  It is well settled in the Eleventh Circuit that an attorney's assumption of a contingent fee risk an important factor in determining a fee award.  *See Jones v. Central Soya Co.*, 748 F.2d 586, 591 (11th Cir. 1986); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987); *cert.* denied, 485 U.S. 959 (1988) (citations omitted).  In the event that Plaintiffs' Counsel failed to bring this case to a successful resolution for the Class, they would have received no compensation, despite the fact that they have dedicated

their time to the prosecution of this action.  In this case, Plaintiffs' Counsel faced both the risk that the case would not prove successful on the merits as well as uncertainty that the case would be certified as a class action.  The risk assumed by Plaintiffs' Counsel in handling this case on a contingency fee basis was substantial and counsels in favor of the Court granting their fee request.

### G.  Time Limits Imposed by the Client or the Circumstances

This factor is not relevant here except that, as a federal court case, this case demanded more attention than a state-court case.  With hard deadlines and a short trial schedule, Class Counsel was required to make this case a priority to ensure phases of the litigation were completed timely. Class Counsel litigate a mix of state- and federal-court cases, and the court-ordered deadlines in federal court cases tend to demand more immediate attention.

### H.  The Amount Involved and the Results Obtained

"The result achieved is a major factor to consider in making a fee award." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). "[O]ne of the primary determinants of the quality of the work performed is the result obtained." *Ressler*, 149 F.R.D. at 655.  Under the terms of the Class Action Settlement Agreement and subject to court approval, the Defendants shall pay each Class Member who does not opt out of the Class Action Settlement a pro rata share of a settlement fund consisting of six thousand dollars ($6,000.00). The amount of the fund is based upon information on Defendants' net worth provided to Plaintiffs' counsel during the Parties' settlement negotiations. The size of the settlement fund represents the full amount such fund could be under the applicable caps on statutory damages on a class-wide basis under the FDCPA and FCCPA.  15 U.S.C. §1692k; Fla. Stat. §559.72.  Class Members need not submit claims to receive payment, but instead, all class members, except those who opt-out, will be sent settlement checks.  To the extent that any checks

are not cashed within 30 days of the last void date, the amounts remaining in the fund will be paid

to Gulf Coast Legal Services (St. Petersburg office), a legal aid organization as a *Cy Pres* award

for use towards providing legal services to the underprivileged.

In addition to monetary relief, the Defendants have agreed to stop using the letter at issue

in the case which Plaintiffs claimed violated the law. Defendants have further agreed to refrain

from sending future correspondence to consumer debtors in an attempt to collect a consumer debt

in which Defendants claim, attempt or threaten to enforce a debt while knowing that the debt is

not legitimate.  The settlement in this case provides the class with nearly the full extent of the relief

they could have hoped for had the Plaintiffs prevailed at trial, *i.e.*, the discontinued use of the letter

at issue in this case as well as the full 1% of the Defendants' net worth to be divided among the

members of the Class.  The settlement dollar amounts being made available represent an excellent

result for the Class and the nature and extent of the relief being made available through the

settlement overall illustrate that Class Counsel's fee request is appropriate.

### I.   The Experience, Ability and Reputation of the Attorneys

Class Counsel has significant experience litigating consumer cases under the Fair Debt

Collection Practices Act, the Florida Consumer Collection Practices Act, and in litigating

consumer class actions on behalf of plaintiffs.  Their experience, ability, and reputation all support

the fee and cost award being sought in this case.

### J.   The "Undesirability" of the Case

This case was undertaken on a contingency basis.  The potential damages suffered by

Plaintiffs were individually small.  Plaintiffs faced a genuine risk of non-recovery and Defendant

had a number of potential defenses available to it.  Moreover, even if Plaintiffs' case proved correct

on the merits, there was uncertainty with regard to whether the court would certify a class.  Absent

certification of a class, Counsel faced the risk of expending significant amounts of time and effort pursuing a cause to recover a very small amount of individual damages.  Accordingly, this factor weighs in favor of awarding the requested fee.

### K.   The Nature and Length of the Professional Relationship with the Client

Counsel has maintained their professional relationship with these Plaintiffs throughout this litigation.  Counsel has been in continual contact with the Plaintiffs who have diligently performed their duties as representatives of this class throughout this case.

### L.   Awards in Similar Cases

The fee award being sought is commensurate with fee awards in similar cases. For example, in *Iewinowski v. MFP, Inc.*, 2014 WL 1418263 (M.D.Fla. April 11, 2014), the Court awarded a fee of $16,000.00 in an FDCPA class action. While the amount being sought here is higher than in *Iewinowski*, the factors above, particularly the nature and extent of the relief being made available to the class, justifies the fees and costs award being sought by Class Counsel in this case.  In particular, *Iewinowski* did not involve any amounts being made available to class members, but instead the relief in that case involved the Defendant changing its business practices and making a *cy pres* payment to Bay Area Legal Services.

### III.   THE REQUESTED FEE IS ALSO REASONABLE UNDER THE LODESTAR CROSSCHECK

In determining the reasonableness of Class Counsel's fee the Court may, but is not required to, conduct a lodestar crosscheck to compare the requested fee with Class Counsel's lodestar. Here, Class Counsel's requested fee is far less than their actual lodestar.  Based upon the books and records of their firm, Class Counsel have expended over $43,000.00 in lodestar not including the time of the various associates, law clerks and paralegals that have assisted them in representing Plaintiffs and the Class.  *See* Composite Exhibit A, Declaration of J. Andrew Meyer.  After

8

reducing the $29,000.00 request by the approximately $1,000.00 in costs that Class Counsel has expended, their request represents about two thirds of their actual lodestar, or stated differently, a multiplier of 0.65 on their lodestar. Given that the settlement in this matter provides Plaintiffs and Class Members with the same relief they could have obtained had they prevailed at trial in this matter, Class Counsel submit that an attorneys' fee award of less than lodestar is more than reasonable and should be approved by this Court.

Even if the Court is uncomfortable with the hourly rates charged by Class Counsel, the fee request is still reasonable in light of the amount of time expended by the three lawyers with primary responsibility over the case. *See Finley v. Crosstown Law, LLC*, 2015 WL 2402461 (M.D.Fla 2015) (stating the hourly rate typically awarded in this district for FDCPA and FCCPA claims is $300 per hour for partner level work). The attached declaration of J. Andrew Meyer reflects that the three lawyers with primary responsibility over the case have expended a total 96.7 hours. Dividing the approximately $28,000.00 in fees being requested by this total time results in an effective hourly billing rate of about $290.00 an hour. Such an hourly rate is reasonable given the experience of the three lawyers handling the case (each is a partner with in excess of 10 years of experience) and is commensurate with hourly rates that have been routinely approved by this Court in other FDCPA and FCCPA cases. *Id.* at *3 (citing cases).

Finally, Class Counsel have provided the Court with their contemporaneous time entries so that the Court can evaluate the reasonableness of the overall amount of time being claimed here. Class Counsel submit that these billing records show that they have staffed this case appropriately, without unnecessary duplication of effort. Furthermore, the time reflected above does not include additional time that various associates, law clerks and paralegals have expended in representing Plaintiffs and Class Members. Accordingly, Class Counsel submit that the amount of time being

claimed in support of their fee request is reasonable and appropriate.

Finally, as described above, the *Johnson* factors, including the complexities of the case, the risks involved and the results obtained more than justify Plaintiffs' fee request.  The contingent nature of Class Counsel's representation combined with the excellent results obtained for the Class, along with the time delay and risk of non-payment born by counsel, all support the present request, particularly when it represents only a portion of the lodestar value of the actual time Class Counsel expended in the case.

## IV.      THE COURT SHOULD APPROVE THE REQUESTED SERVICE AWARDS TO THE TWO NAMED PLAINTIFFS

Pursuant to the Settlement Agreement, Defendants have also agreed to pay the named Plaintiffs one thousand dollars ($1,000.00) each in statutory damages as well as an additional five hundred dollars ($500.00) each as a service award, subject to Court approval, for their role in advancing this litigation.

Plaintiffs respectfully request that this Court grant each of the named plaintiffs a service award of $500.00 each to compensate them for their time and expense spent on this litigation. Many courts have approved a modest payment to class representatives to compensate for the time and expense incurred in bringing a benefit to the class as whole.  "While the Eleventh Circuit has not expressly set forth guidelines for courts to use in determining incentive awards, there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action. In fact, 'courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *David v. American Suzuki Motor Corp*., No. 08-CV-22278, 2010 WL 1628362, at *6 (S.D.Fla. 2010) (citing *Exxon v. Allapattah Svcs.,* 454 F.Supp.2d. 1185, 1218-19(S.D.Fla.2006)).

Under the facts of this case, a service award of $500.00 to each proposed class representative does not give rise to a conflict between the representatives and the class, but instead is an appropriate measure of compensation both for the Plaintiffs' time and in recognition of the public good the Plaintiffs have accomplished through the present settlement.   Mr. and Mrs. Narvaez each have played an active role throughout this litigation.  Both Plaintiffs traveled to and attended mediation in Tampa, and with their attorneys' assistance, considered the terms of the proposed settlement and the benefits it would bring to them and the class.  Given this investment of time by each of the named plaintiffs, a service award of $500 each is warranted and appropriate. *See N. Star Capital Acquisitions, LLC v. Krig,* No. 07-cv-264, 2011 U.S. Dist. LEXIS 4596 (M.D. Fla. Jan. 10, 2011) (approving incentive payment of $5,000 to class representatives in recognition of the time spent on litigation and the benefits conferred on the class). Theodore Eisenberg & Geoffrey P. Miller, INCENTIVE AWARDS TO CLASS ACTION PLAINTIFFS:  AN EMPIRICAL STUDY, 53 U.C.L.A. L. Rev. 1303, 1308 (2006) (finding through empirical analysis that average incentive award per class representative was $16,000 but that the median award was closer to $4,000).

## V.    CONCLUSION

Plaintiffs respectfully request that the Court grant their request for an attorneys' fees, costs and expenses award of $29,000.00 and approve their request for an award of $500.00 to each of the two named-plaintiffs in recognition of their service to the class.

Dated:  July 17, 2015

Respectfully submitted,

LEAVENLAW

/s/ *J. Andrew Meyer*
**Ian R. Leavengood, Esq., FBN 0010167**
**J. Andrew Meyer, Esq., FBN 0056766**
**Aaron M. Swift, Esq., FBN 0093088**

Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ameyer@leavenlaw.com
aswift@leavenlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2015, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record.

*/s/ J. Andrew Meyer*
J. Andrew Meyer

12