UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE and IRIS NARVAEZ, on
behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.    Case No. 8:14-cv-1646-T-33MAP

LAW OFFICES OF ANTONIO DUARTE,
III, P.A., a Florida profit
corporation, and ANTONIO DUARTE,
III, an individual,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. # 43), which was filed on July 9, 2015, and Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Expenses (Doc. # 45), filed on July 17, 2015. This Court conducted a Rule 23, Fed. R. Civ. P., Final Fairness Hearing on July 30, 2015, and for the reasons stated herein and at the hearing, the Court grants the Motions.

**I.    Background**

    **A.    Complaint Allegations**

On July 3, 2014, Plaintiffs George and Iris Narvaez filed their class action Complaint alleging that Defendants – Law

Offices of Antonio Duarte, III, P.A. and Antonio Duarte, III - violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes. (See Doc. # 1). Plaintiffs explain that Defendants used two form debt collection letters to collect consumer debts on behalf of condominium and homeowners' associations. (Id.).

Plaintiffs allege that these debt collection letters:

a) deceptively, falsely, and unlawfully assert a right that does not exist by demanding Plaintiffs and Class Members pay costs that have not been incurred by Defendants at the time [the collection letter] is sent, and which are not yet due and owing by the consumer pursuant to contract or statute;

b) deceptively, falsely, and unlawfully assert a right that does not exist by requiring Plaintiffs and Class Members dispute their debts in writing;

c) misrepresents the amount of debt owed;

d) demands payment of an unauthorized amount; and

e) can reasonably be expected to be abusive, harassing and threatening to Plaintiffs and Class Members[.]

(See Id. at 18-19).

The parties mediated this action on November 20, 2014. (See Doc. # 28). At mediation, the parties "reached an

agreement to settle this case on a class-wide basis, subject to court approval." (See Id.). Thereafter, the parties executed a formal Class Action Settlement Agreement. (Doc. # 39-1).

On March 20, 2015, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. # 39). On March 25, 2015, the Court granted the parties' Joint Motion and certified the proposed Class for settlement purposes, preliminarily approved the Settlement Agreement, directed notice to the Class, set a date for opt outs and objections, and directed the parties to move for final approval of the Settlement Agreement. (See Doc. # 41). By way of the present Motions, (1) the parties request that the Court enter a final order approving the terms of the Settlement Agreement and (2) Plaintiffs request that the Court enter an order "approving an award of attorneys' fees, costs and expenses reasonably incurred in prosecuting and settling this matter totaling $29,000.00." (See Doc. ## 43, 45).

**B.   Class Certification**

On March 20, 2015, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. # 39). Thereafter, on March 25, 2015, the Court entered an Order pursuant to Rule 23, Fed. R. Civ. P., certifying this case as

3

a class action. (Doc. # 41). Among other things, the Court determined that the Class satisfied the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority. (Id.).

**C.   Class Settlement**

The parties have settled this action. In doing so, Defendants have agreed to pay each Class Member a pro rata share of a settlement fund consisting of $6,000.00.[1] (Doc. # 43 at 3). In addition, Defendants have agreed to pay the named Plaintiffs $1,000.00 each in statutory damages as well as an additional $500.00 each as a service award. (Id.). To the extent that any checks are not cashed within 30 days of the last void date, the amounts remaining in the fund will be paid to Gulf Coast Legal Services (St. Petersburg office) as a *Cy Pres* award for use towards providing legal services to the underprivileged. (Id.).

The parties have further agreed that Class Counsel shall receive $29,000.00 in fees and costs. (Id.). In addition, as

---

[1] 15 U.S.C. § 1692k(a)(2)(B) limits a debt collector's liability in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." According to the Motion, "Plaintiffs learned during informal discovery, the $6,000.00 fund represents the most that the Class could recover under these caps had they taken the case to trial and prevailed." (Doc. # 43 at 10).

a part of the settlement, Defendants agreed to voluntarily (1) stop using the letter at issue and (2) "refrain from sending future correspondence to consumer debtors in an attempt to collect a consumer debt in which Defendants claim, attempt or threaten to enforce a debt while knowing that the debt is not legitimate." (Id.).

On March 25, 2015, the Court granted the parties' request for preliminary approval of their settlement and scheduled the Final Fairness Hearing for July 30, 2015. (Doc. # 41). As agreed by the parties, the Settlement Class is comprised of "[a]ll persons to whom Defendants sent a letter or letters in substantially the same form as either of the letters attached as Exhibit 'A1-A2' to Plaintiffs' Complaint during the Qualifying Period." (Id.). For purposes of the Settlement Agreement, the term "Qualifying Period" shall mean July 3, 2012, through February 10, 2015. (See Doc. ## 41, 43).

In preliminarily approving the settlement, the Court established June 25, 2015, as the deadline for any member of the Class to opt out of the settlement. (Doc. # 41). None of the Class Members filed opt out notices. In addition, the Court established the deadline of June 30, 2015, to file an objection to the settlement, and no objectors filed an objection. (Id.).

**II.  Final Fairness Hearing**

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e). That rule requires that the settlement be "fair, reasonable and adequate." During the Final Fairness Hearing, the Court considered the factors enumerated by the Eleventh Circuit in Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) and required counsel to address the following questions as framed by the Bennett court:

(1)    What is the likelihood of success at trial?
(2)    What is the range of possible recovery?
(3)    What is the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable?
(4)    What is the level of complexity, expense, and duration of the litigation?
(5)    Is there any opposition to the settlement? and
(6)    At what stage of the proceedings was the settlement reached?

In addition to the aforementioned questions, the Court required counsel to address selected questions listed in the Manual for Complex Litigation. Counsel provided thorough and complete answers to each of the Court's above-described inquiries. Counsels' responses provide the Court with a firm basis for approving the settlement as fair, reasonable, and adequate.

### III. Attorneys' Fees and Costs

The parties have agreed that Class Counsel will receive $29,000.00 representing fees and costs incurred in this case. (Doc. # 43). Defendants have agreed to pay this amount "within 14 days of the Court's award of [attorneys'] fees and costs or the 'Effective Date' as defined by the Settlement Agreement, whichever is later." (Id. at 12). The parties agree that this amount is "reasonable and fair." (Id.). The amount of attorneys' fees and costs requested gives this Court great pause. However, under the limited and unique circumstances of this case – as articulated at the Final Fairness Hearing - this Court approves the attorneys' fees and costs sought.

### IV. Conclusion

"Compromises of disputed claims are favored by the courts." Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910). It is "the policy of the law generally to encourage such settlements," Fla. Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960), and accordingly, "class-action settlements will be disapproved only upon considerable circumspection." Mashburn v. Nat'l Healthcare, Inc., 684 F. Supp. 660, 667 (M.D. Ala. 1988).

After due consideration, the Court finds that the settlement agreement, including attorneys' fees and costs,

7

should be adopted as fair, reasonable, and adequate under Rule 23(e), Fed. R. Civ. P. Therefore, the Court grants the Motions and dismisses this action with prejudice in accordance with the parties' agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Final Approval of Class Action Settlement (Doc. # 43) is **GRANTED**.

(2) Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Expenses (Doc. # 45) is **GRANTED**.

(3) The Court approves the Class Action Settlement, including attorneys' fees and costs, as fair, reasonable, and adequate.

(4) This case is dismissed with prejudice. The Clerk is directed to **CLOSE THE CASE**.

(5) The Court declines to retain jurisdiction over this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of July, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record